# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY ALAN TEDDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:05-CV-00070-FRB |
| STEVE LONG, E. CONLEY, J. COFIELD, CHUCK DWYER and UNKNOWN BABICH, | ) ) ) ) |
| Defendants. | ) |

## OPINION, ORDER AND MEMORANDUM

On August 9, 2005, the Court granted plaintiff leave to proceed in forma pauperis and ordered plaintiff to file an amended complaint setting forth as to each named defendant the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that plaintiff claims the defendant violated. Now before the Court is plaintiff's amended complaint. In the interests of clarity, the Court will restate the standard of review and the nature of plaintiff's complaint.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d

302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate presently incarcerated at Eastern Reception, Diagnostic and Correctional Center, alleges that defendants Long, Conley, Cofield, Dwyer and Babich were deliberately indifferent to his serious medical needs while he was incarcerated at Southeast Correctional Center ("SECC") in Charleston, Missouri. Plaintiff states that he has osteonecrosis in both hip joints, which requires surgery every few years. He claims that his condition continues to deteriorate and that he needs hip replacement surgery. He asserts that defendants are deliberately indifferent to his serious medical needs and that inadequate treatment violates his constitutional rights under the Eighth Amendment. Plaintiff seeks hip replacement surgery and monetary damages.

Plaintiff alleges that defendant Long, as Acting Director of the Division of Adult Institutions, is responsible for decisions approving or disapproving medical operations. Plaintiff alleges that defendant Long failed to investigate and follow-up on plaintiff's medical condition. Plaintiff claims that defendant Conley's position as the Regional Medical Director creates a causal link with plaintiff's medical condition because defendant makes medical decisions for the Department of Corrections (DOC). Plaintiff also alleges that defendant Cofield's position as Regional Administrator creates personal involvement in plaintiff's medical condition because defendant Cofield makes medical decisions for the DOC and should have reviewed and investigated plaintiff's complaint. Plaintiff

asserts that defendant Dwyer, as warden of SECC, is responsible for plaintiff's alleged lack of medical care because he is involved in medical decisions and failed to investigate and follow-up on plaintiff's condition. Finally, plaintiff alleges that defendant Babich, as medical director of SECC, improperly diagnosed and treated him, refused his request for his medical records and refused his request to obtain a second opinion.

## Discussion

Assuming, *arguendo*, that plaintiff has sufficiently alleged, as to each defendant, personal involvement in or direct responsibility for incidents that injured plaintiff, *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985), plaintiff's complaint fails to state a claim upon which relief may be granted because his allegations do not rise to the level of a constitutional violation. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "The United States Court of Appeals for the Eighth Circuit has 'repeatedly held that a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail to rise to the level of a constitutional violation.'" *Starbeck v. Linn County Jail*, 871 F.Supp. 1129, 1145 (N.D.Iowa 1994) (collecting cases).

Plaintiff's allegations do not indicate a deliberate indifference to serious medical needs but rather a difference of opinion over matters of expert medical judgment. Plaintiff states that he was X-rayed on October 6, 2004, was referred for physical therapy and was prescribed Ibuprofen. He was again evaluated on November 4, 2004, and given an exercise program. On January 27, 2005, plaintiff was diagnosed with a leg-length discrepancy and a heel lift was prescribed. Plaintiff states that he did not receive the heel lift and that defendant Babich again requested a shoe lift for him on April 4, 2005. Plaintiff states that he was seen by a second physician for his hip problem. Defendant Babich's

decision to provide physical therapy, an exercise regimen, a heel lift and pain medication rather than hip replacement surgery constitutes "a mere difference of opinion over matters of expert medical judgment or a course of medical treatment." *See Starbeck*, 871 F.Supp. at 1145. Rather than showing a deprivation of care, plaintiff's complaint documents frequent care for his condition. *See Jones*, 484 F.2d at 1194 (citations omitted) (where the prisoner alleges a complete deprivation of medical care, a federal claim is stated). As such, plaintiff's claim does not rise to the level of a constitutional violation. Therefore, the Court will dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff asserts that defendants have withheld his medical records, making it difficult for him to pursue his legal remedies. It appears that plaintiff is attempting to assert a right of access to the courts claim. The framework for considering whether an inmate's right of access to the courts has been infringed was established by the Supreme Court in *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174 (1996). *Lewis* made clear that actual injury is a "constitutional prerequisite" to maintaining such cause of action. *Id.* at 352-53. Actual injury exists only if "a nonfrivolous legal claim has been frustrated or was being impeded." *Id.* at 353. Thus, in order to make a claim that this right of access to the courts has been denied, plaintiff must demonstrate that his claim was nonfrivolous and that his effort to pursue it was hindered. Plaintiff has provided the Court with detailed information regarding his medical records, *supra*, and the alleged lack thereof has not hindered his ability to prosecute this case. Because plaintiff can show no actual injury from his alleged denial of access to the courts, the Court will dismiss this claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the claims are legally frivolous or fail to state a claim upon which relief

may be granted or both.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 3rd day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**